**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LINDSEY K. SPRINGER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-CV-071-JHP-TLW |
| | ) |
| **THOMAS SCOTT WOODWARD;** | ) |
| **EILEEN J. O'CONNOR;** | ) |
| **DAVID E. O'MEILIA;** | ) |
| **KENNETH P. SNOKE;** | ) |
| **CHARLES A. O'REILLY;** | ) |
| **JEFFREY A. GALLANT;** | ) |
| **ROBERT H. HENRY; CLAIRE V. EAGAN;** | ) |
| **GREGORY K. FRIZZELL;** | ) |
| **STEPHEN P. FRIOT;** | ) |
| **FRANK H. MCCARTHY,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

On February 18, 2014, Plaintiff Lindsey K. Springer, a federal prisoner appearing *pro se*, filed a civil complaint (Dkt. # 1), along with a motion to proceed *in forma pauperis* (Dkt. # 2). By Order filed February 20, 2014 (Dkt. # 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* and required payment of an initial partial filing fee. On March 6, 2014, Plaintiff filed a "motion to proceed with service of process" (Dkt. # 6). On March 24, 2014, Plaintiff paid the initial partial filing fee. On March 31, 2014, Plaintiff filed an amended complaint (Dkt. # 9), adding ten (10) defendants and asserting forty-two (42) claims. Plaintiff cites 28 U.S.C. §§ 1331, 2201, and 5 U.S.C. § 702 as providing jurisdiction for the Court's consideration of his claims. On April 17, 2014, Plaintiff filed a motion for temporary restraining order and preliminary injunction (Dkt. # 11), supported by Plaintiff's declaration (Dkt. # 12).

For the reasons discussed below, the Court finds Plaintiff's amended complaint shall be dismissed without prejudice because he fails to state a claim upon which relief may be granted and his claims are barred by the holding of Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's motions to proceed with service of process and for temporary restraining order and preliminary injunction shall be declared moot.

## *BACKGROUND*

In the amended complaint (Dkt. # 9), Springer complains that improper appointments and designations involving Defendants, who are all U.S. Attorneys, Assistant U.S. Attorneys, U.S. District Court Judges, a Judge on the Tenth Circuit Court of Appeals, and a U.S. Magistrate Judge, undermine the validity of his convictions for tax evasion and failure to file income tax returns, entered in N.D. Okla. Case No. 09-CR-043-SPF,[1] as well as judgments entered against him in N.D. Okla. Case Nos. 06-CV-156 and 08-CV-278. See Dkt. # 9 at 19. Plaintiff identifies 42 claims against Defendants, summarized as follows:

---

[1] The Court's records reflect that Springer is in custody pursuant to a judgment filed April 28, 2010, in N.D. Okla. Case No. 09-CR-043-SPF. See Dkt. # 337, N.D. Okla. Case No. 09-CR-043-SPF. Plaintiff was sentenced to fifteen (15) years imprisonment, followed by a three (3) year term of supervised release, and ordered to pay restitution in the amount of $771,529. See id. On October 26, 2011, the Tenth Circuit Court of Appeals affirmed Plaintiff's convictions and sentences. Plaintiff petitioned the United States Supreme Court for *certiorari* review. His petition was denied on June 4, 2012. On March 11, 2013, Plaintiff filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Dkt. # 472, N.D. Okla. Case No. 09-CR-043-SPF. As of today's date, that motion remains pending. The Court also notes that the docket for Case No. 09-CR-043-SPF reflects that Plaintiff has a long history of filing numerous, often baseless, motions. Of significance to this case, on May 10, 2013, Plaintiff filed a motion titled "motion to clarify who is U.S. Attorney," claiming, *inter alia*, that Defendant Woodward "proceeded to act through that false pretense in obtaining Petitioner's conviction without the political implications required by having a U.S. Attorney." See Dkt. # 493, N.D. Okla. Case No. 09-CR-043-SPF. That motion was stricken in part as moot and denied in part. See Dkt. # 496, N.D. Okla. Case No. 09-CR-043-SPF.

| | | |
|---|---|---|
| Claims 1-8: | Defendant Woodward | Improper and/or unauthorized appointment as Acting U.S. Attorney, First Assistant U.S. Attorney, and U.S. Attorney under 5 U.S.C. § 3345(a), 28 U.S.C. § 546(a), (d), U.S. Const. art. II, § 2, cl. 2 |
| Claim 9: | Defendant O'Connor | Unauthorized referral of Plaintiff for Grand Jury investigation |
| Claims 10-13: | Defendant O'Meilia | Unauthorized to pursue Grand Jury investigation of Plaintiff; unauthorized to act as U.S. Attorney |
| Claims 14-17: | Defendant Snoke | Unauthorized to act as Assistant U.S. Attorney due to improper appointment of Woodward |
| Claims 18-24: | Defendant O'Reilly | Unauthorized to act as "Trial Attorney" or "Special Assistant U.S. Attorney" due to improper appointment of Woodward; unsupervised by U.S. Attorney Williams |
| Claim 25: | Defendant Gallant | Unauthorized to act as Assistant U.S. Attorney due to improper appointment of Woodward |
| Claims 26-31: | Defendant Henry | Improper designation of District Judges under 28 U.S.C. § 292(b) |
| Claims 32-34: | Defendant Eagan | Improper assignment of Judge Friot to hear N.D. Okla. Case No. 09-CR-043-SPF, under 28 U.S.C. §§ 292(b), 546(d); improper appointment of Woodward under 28 U.S.C. § 546(d) |
| Claim 35: | Defendant Frizzell | Improper assignment of Judge Friot to hear N.D. Okla. Case No. 13-CV-145-SPF, under 28 U.S.C. § 292(b) |
| Claims 36-38: | Defendant Friot | Improperly assigned by Judge Eagan to hear N.D. Okla. Case No. 09-CR-043-SPF; improperly assigned by Judge Frizzell to hear N.C. Okla. Case No. 13-CV-145-SPF, under 28 U.S.C. §§ 133(a), 134(b) |

|  |  |  |
|---|---|---|
| Claims 39-41: | Defendant McCarthy | Unauthorized to issue search warrant, under Fed. R. Crim. P. 41(b) |
| Claim 42: | Defendants O'Reilly Snoke, Woodward, Gallant | Unauthorized to act as "Assistant U.S. Attorney," "Special Assistant U.S. Attorney," or "Officers of the U.S.," because 28 U.S.C. §§ 515, 542, 543 violate U.S. Const. art. II, § 2, cl. 2 |

See Dkt. # 9. In his request for relief, Springer seeks only entry of judgment in his favor. See id. at 74.

## *ANALYSIS*

**A. Standard for dismissal**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for

all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B. Amended Complaint fails to state a claim**

In the amended complaint (Dkt. # 9), Plaintiff challenges the authority of the named U.S. Attorneys, Assistant U.S. Attorneys, U.S. District Judges, U.S. Magistrate Judge, and Tenth Circuit

Judge to prosecute, hear, and make appointments related to his criminal case. Plaintiff's claims are premised on his allegation that Defendant Woodward was not properly appointed under U.S. Const. art. II, § 2, cl. 2, 28 U.S.C. § 546(a), and 5 U.S.C. § 3345, to serve as "Acting U.S. Attorney," or Assistant U.S. Attorney. As a result of Defendant Woodward's improper appointment, Plaintiff claims that other attorneys in the U.S. Attorney's Office were unauthorized to prosecute his criminal case. Plaintiff also alleges that District Judges were improperly designated and improperly assigned to hear his case and that a Magistrate Judge lacked authority to issue a search warrant.

Federal Rule of Criminal Procedure 12 provides that certain motions must be made before trial, including "a motion alleging a defect in instituting the prosecution" and "a motion alleging a defect in the indictment or information." Fed. R. Crim. P. 12(b)(3)(A), (B). Subsection (e) provides, "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." Fed. R. Crim. P. 12(e). In any event, the court must rule on pretrial motions before trial unless it finds good cause to defer a ruling. Fed. R. Crim. P. 12(d).

In United States v. Suescun, 237 F.3d 1284 (11th Cir. 2001), the Eleventh Circuit Court of Appeals considered whether claims similar to those raised by Plaintiff warranted reversal of the appellant's conviction. In that case, the appellant argued, on direct appeal from his criminal conviction, that: (1) the indictment was a nullity because it was obtained by a U.S. Attorney who had not been properly appointed under U.S. Const. art. II, § 2, cl. 2; and (2) his convictions were a nullity because the Appointments Clause and the Separation of Powers principle prevented the district court from appointing the interim U.S. Attorney. Suescun, 237 F.3d at 1286. The Eleventh Circuit found that the appellant alleged a defect in the proceedings, and that, as a result, he was

required to present his objections prior to trial or at the time set by the court, pursuant to Fed. R. Crim. P. 12(f), and noted that he failed to do so. Id. at 1286–87. The Court concluded that appellant waived his challenges and that he had not sought relief from the waiver. Id. at 1287. In analyzing whether a jurisdictional exception to the waiver applied, the Court further concluded that "[a]n appointment of a United States Attorney that is not made as provided by the Appointments Clause does not affect the Government's power to prosecute," so that, even if the appointment of the temporary U.S. Attorney was invalid, the district court had jurisdiction to entertain the case and adjudicate the appellant guilty of the offenses. Id. at 1287–88.

Here, like the appellant in Suescun, Plaintiff in effect challenges his criminal convictions on the basis that Defendant Woodward was not properly appointed and that, as a result, Plaintiff's prosecution by other members of the U.S. Attorney's Office was unauthorized. Plaintiff also argues that the federal judges involved in his prosecution were without authority due to improper appointments or designations. However, as in Suescun, Plaintiff should have raised these alleged defects in his criminal proceeding in a pre-trial motion made under Fed. R. Crim. P. 12(b)(3). His failure to do so means that he has waived any challenge to his convictions on these grounds. See Fed. R. Crim. P. 12(e) (2008) (formerly subsection (f)). Plaintiff has not sought relief from the waiver for good cause. See Suescun, 237 F.3d at 1286-87. Furthermore, even if the U.S. Attorney's appointment was invalid, the Court still retained jurisdiction to entertain the case and adjudicate the Plaintiff guilty. See id.; see also United States v. Giangola, 2008 WL 3992138, at *28 (D.N.M. May 12, 2008) (unpublished)[2] (citing Suescun, 237 F.3d at 1287). Accordingly, because Plaintiff has

---

[2]This and all other unpublished opinions are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

waived his argument that the criminal proceedings were defective, his claims asserted in this action fail to state a claim upon which relief may be granted.

**C.  Claims are barred by <u>Heck v. Humphrey</u>**

The Court further finds that Plaintiff's claims challenging Defendants' authority to act with regard to his criminal convictions shall be dismissed without prejudice pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  As stated above, Plaintiff essentially argues that defects in the appointments and actions of Defendants resulted in the Court lacking jurisdiction or authority to proceed with his criminal prosecution and conviction in N.D. Okla. Case No. 09-CR-043-SPF. Because relief on these allegations would necessarily undermine the validity Plaintiff's convictions, Plaintiff must first show that the convictions have been invalidated or otherwise set aside before he can obtain relief in a civil case. <u>See</u> <u>Heck</u>, 512 U.S. at 487 (when judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) (extending the rule in <u>Heck</u> to § 1983 claims that seek declaratory relief); <u>Williams v. Hill</u>, 74 F.3d 1339 (D.C. Cir. 1996) (finding that a criminal defendant may not obtain relief in a <u>Bivens</u> action against federal officials who allegedly brought about his or her conviction unless the conviction or sentence has been invalidated or set aside); <u>Trupei v. United States</u>, 304 F. App'x 776, 784-85 (11th Cir. 2008) (unpublished) (finding that <u>Bivens</u> claims challenging the validity of appointments of U.S. Attorneys were attacks on the legality of plaintiff's conviction and sentence and were barred by <u>Heck</u>). The holding in <u>Heck</u> applies to <u>Bivens</u> actions and to claims that "call into question the fact or duration of parole or probation." <u>Crow v. Penry</u>, 102 F.3d 1086, 1087 (10th Cir. 1996); <u>see also</u> <u>Wilkinson v. Dotson</u>, 544

U.S. 74, 81-82 (2005) (Heck's favorable termination rule applies "no matter the relief sought . . . [and] no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Because Plaintiff makes no showing that his convictions have been invalidated or otherwise set aside, his claims against all Defendants shall be dismissed without prejudice.

### D. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed in forma pauperis. In addition, his amended complaint fails to state a claim upon which relief may be granted. As a result, the amended complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

### E. Filing fee obligation

As a final matter, Plaintiff is reminded that he remains obligated to pay in monthly installments the balance owed on the filing fee for this case. See 28 U.S.C. § 1915(b). As of today's date, the Court has received one (1) partial filing fee payment of $26.01. Thus, the balance owed on the $350 filing fee is **$323.99**.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The amended complaint (Dkt. # 9) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. Plaintiff's motion to proceed with service of process (Dkt. # 6) is **declared moot**.

4. Plaintiff's motion for temporary restraining order and preliminary injunction (Dkt. # 11) is **declared moot**.

5. Plaintiff remains obligated to pay in monthly installments the balance of the **$350** filing fee for this case. As of today's date, the balance owed on the filing fee is **$323.99**.

6. A separate judgment shall be entered in this matter.

DATED THIS 18th day of April, 2014.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma